# Mabry *v*. Bailey & Howard.

*Assumpsit.*

(Decided May 28, 1912.  Rehearing denied June 19, 1912.
59 South. 322.)

1. *Pleading; Demurrer; Instructions.*—The allegations of a complaint are construed most strongly against the pleader when attacked by demurrer.

2. *Brokers; Compensation; Condition of Employment.*—A broker employed by an owner of real estate to sell it, becomes entitled to a reasonable compensation when such real estate is sold through his services, as a general rule, but the owner may insert such conditions of employment in the contract as he may see fit, and in order to recover the broker must comply therewith.

[Mabry v. Bailey & Howard.]

3. *Same; Complaint; Sufficiency.*—Where the action was by a real estate broker to recover compensation for services, a complaint alleging that plaintiff was a real estate broker, and as such was engaged by the defendant to sell same, that he found a purchaser ready, willing and able to purchase at a price which defendant was willing to accept, that he brought defendant and purchaser together, that the purchaser bought the real estate, but that defendant had refused and failed to pay him for his services, and that the reasonable value thereof was due, was insufficient on demurrer, pointing out the defects, as it did not show the terms and conditions of the contract.

.APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action in assumpsit by James Bailey and J. W. Howard, copartners under the firm name of Bailey & Howard, against W. R. Mabry. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

The following is count 4: "Plaintiff claims of the defendant $200 for that heretofore plaintiffs were engaged in business in Birmingham, Ala., as real estate brokers or agents, and as such defendant engaged plaintiffs to sell for him a certain piece of real estate situated in Birmingham, Ala. that plaintiffs found a purchaser who was ready, willing, and able to purchase said real estate at a price which defendant was willing to take for same, and plaintiffs brought such proposed purchaser and defendant together, and the said purchaser did buy the said real estate from the defendant, but defendant has wholly failed and refused to pay plaintiff for their services, and that the reasonable value thereof is $200, which sum with interest thereon is due and unpaid." The demurrers to this count were that it does not show that the defendant violated the terms of the contract; it does not show that defendant undertook to pay plaintiff for selling said real estate; it does not show that said purchaser bought said real estate in pursuance of any contract between plaintiff and defendant; it does not show that plaintiff sold the real estate for the defend-

ant; it does not show the terms of the contract between plaintiff and defendant.

TILLMAN, BRADLEY & MORROW, and L. C. LEADBEATER, for appellant. Counsel discuss count 4 and demurrers interposed thereto, and insist that the same should have been sustained, because the count does not sufficiently set out the terms of the contract, or show wherein defendant has breached the contract, but they cite no authority in support thereof.

GEORGE HUDDLESTON, for appellee. While no case exactly in point can be found touching the sufficiency of count 4, the following cases serve to illustrate that the count is good.—*Sayre v. Wilson,* 86 Ala. 151; *Bir. R. Co. v. Thompson,* 86 Ala. 146; *Sharpley v. Moody,* 152 Ala. 549; *Hutto v. Stough,* 157 Ala. 566. Count 2 was a common count for work and labor, and the same evidence would support a judgment thereunder, and hence, any error in reference to count 4 was harmless.—*So. B. v. McTier,* 137 Ala. 601; *L. & N. v. York,* 128 Ala. 305. If count 4 was not sufficient as a special count it was good as a common count, and hence, demurrer was properly overruled.—*Ragsdale v. Bowles,* 16 Ala. 62; *Rich v. McInerny,* 103 Ala. 345.

DE GRAFFENRIED, J.—When a complaint is demurred to by a defendant, the allegations of the complaint are construed most strongly against the plaintiff. As the plaintiff prepared his complaint, he is presumed to have stated in his complaint with accuracy the facts authorizing a recovery of the defendant if the facts set up in the complaint are proven to the satisfaction of the jury. Of course, these observations are not applicable to many of the forms which our Code has prescribed for complaints in many forms of action.

25 CA

There were four counts to the complaint in this case. The first three counts were common counts and were manifestly not subject to demurrer. The difficulty with count 4 (which the reporter will set out in full) is that every word in the count may be true, and at the same time the contract between the plaintiffs and the defendant may have been such that the plaintiffs were not entitled to recover. While, as a general proposition of law, it is true that, when an owner of real estate employs a real estate broker to sell such real estate, the real estate broker becomes entitled to at least reasonable compensation when through his services such real estate is sold (*Minto v. Moore,* 1 Ala. App. 556, 55 South. 542), nevertheless there is no provision of law which precludes a real estate owner, when he engages a real estate agent to undertake a sale of his property, from fixing in his contract with such agent the *conditions* upon which such agent is to receive compensation if a sale is effected through his services, or *exactly* what that compensation is to be. It may be that, in the contract, the plaintiffs agreed that the defendant should pay them nothing for their services except upon the happening of certain contingencies. Suppose, as an illustration, the contract between the plaintiffs and the defendant (and this supposition is authorized, for the count does not set up the contract or definitely inform us as to its terms, and this court does not know, and the trial court did not know, what the terms of the contract were) provides that the defendant reserves the right to sell, while acting in good faith towards the plaintiffs, the property to any person to whom the defendant may be introduced by the plaintiffs, for the sum of $1,000, and that the defendant is to pay the plaintiffs nothing unless they introduce him to a purchaser who is able and willing to pay, and who does in fact pay, *more* than

$1,000, in which event the plaintiffs are to receive as compensation all of the purchase money in excess of $1,000. Under the terms of such a contract the defendant might well have sold, if he acted in good faith, as averred in the fourth count of the complaint, to a purchaser found by the plaintiffs and brought to the defendant by the plaintiffs, for the sum of $1,000, "at a price which defendant was willing to take for same," and at the same time the defendant would have had a legal right to "wholly fail and refuse to pay plaintiffs for their services," although their reasonable value might have been, as averred in the complaint, the sum of $300.

The above defects in the fourth count of the complaint were specifically called to the attention of the plaintiffs and of the trial court by the defendant's demurrer to the fourth count of the complaint. It is evident that, in our opinion, the trial court erred in overruling the defendant's demurrer to said count, and under the rules of law established for our guidance the judgment of the court below, on account of the error pointed out, must be reversed, and the cause remanded for further proceedings in the court below.

Reversed and remanded.